Below is an order of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>CLAUSEN OYSTERS, LLC,<br><br>Debtor. | Case No. 23-60847-tmr11<br><br>STIPULATED ORDER GRANTING MOTION TO POSTPONE HEARINGS AND EXTEND DEBTOR'S AUTHORITY TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION |

This matter came before the Court on the Stipulated Motion to Postpone Hearings and Extend Debtor's Authority to Use Cash Collateral and Grant Adequate Protection [ECF #40] (the "Motion") filed by Clausen Oysters, LLC, (the "Debtor"), as debtor in possession. Based on the stipulation of the parties to the Motion, the Court makes the following findings of fact and conclusions of law:

      A.     On May 18, 2023 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code. As of the date hereof, a Subchapter V trustee was appointed in accordance with 11 U.S.C. § 1183. No other trustee or examiner has been requested or appointed and no official committee of creditors has been appointed.

Page 1 of 6 – STIPULATED ORDER GRANTING MOTION TO POSTPONE HEARINGS AND EXTEND DEBTOR'S AUTHORITY TO USE CASH COLLATERAL
{00606798:2}

Case 23-60847-tmr11    Doc 42    Filed 06/21/23

B.  This Court has jurisdiction over these Cases pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this bankruptcy case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  The following creditors (collectively, the "Secured Creditors" may claim a lien in the Debtor's cash collateral (as defined in § 363(a)), as follows:

| Lien Creditor | Amount Owing | Property Value | Brief Collateral Description |
|---|---|---|---|
| Lilli Clausen, Kim Stoltz, Steven Clausen and David Clausen | $3,400,000 | TBD | All personal property and real estate. UCC Lien Nos. 91689037, 91689044, |

D.  The relief requested in the motion is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing on the Motion. Absent authority to use cash collateral, the Debtor will have to curtail or terminate its business operations to the detriment of all parties in interest. Among other things, the disruption or termination of business operations would have a material and adverse effect on the value of the Debtor's business.

E.  Notice of the Motion and hearing on the Motion was reasonable and sufficient in the circumstances.

Based on the foregoing, it is hereby ORDERED that:

1.  Debtor's Motion is GRANTED;

2.  The hearings scheduled for 1:30 p.m. on June 21, 2023, shall be postponed to 10:00 a.m. on July 13, 2023, by video, and Debtor shall send notice to all appropriate parties.

3.  The Debtor is authorized to use $118,798 of cash collateral for the period from June 1, 2023, to July 13, 2023 (the "Budget Period") in accordance with the attached **Exhibit 1** (the "Budget"). Debtor's authority to use Cash Collateral is limited to the uses set forth in the Budget, together with a 10% aggregate variance during the Budget Period, provided that no Budget line-item shall have more than a 20% variance during the Budget Period.

Page 2 of 6 – STIPULATED ORDER GRANTING MOTION TO POSTPONE HEARINGS AND EXTEND DEBTOR'S AUTHORITY TO USE CASH COLLATERAL
{00606798:2}

Case 23-60847-tmr11    Doc 42    Filed 06/21/23

4. Notwithstanding anything to the contrary contained in 11 U.S.C. §552(a), as adequate protection for, and to secure payment of, an amount equal to the diminution in the value, if any, of Secured Creditors' collateral arising from Debtor's use of the Cash Collateral post-petition, the Secured Creditors are each granted the following adequate protection:

    a. A perfected lien and security interest on all property, whether now owned or hereafter acquired by Debtor of the same nature and kind as secured by the claim of the Lien Creditor on the Petition Date (the "<u>Replacement Lien</u>"); provided, however, that such Replacement Lien shall not attach to avoidance or recovery actions of Debtor's estate under Chapter 5 of the Code; and provided, further, that such Replacement Lien shall be subject to all valid, properly perfected and enforceable liens and interests that existed as of the Petition Date (such property on which the Replacement Lien shall attach being referred to herein as the "<u>Replacement Collateral</u>").

    b. The interests of the Secured Creditors in the Replacement Collateral shall have the same relative priorities as the liens held by them as of the Petition Date.

    c. Debtor shall timely perform and complete all actions necessary and appropriate to protect the Cash Collateral against diminution in value.

    d. The Replacement Lien on the Replacement Collateral shall be perfected and enforceable upon entry of this Order without regard to whether such Replacement Lien is perfected under applicable non-bankruptcy law.

    e. The Replacement Lien shall be in addition to all other liens and security interests securing the secured claims of the Lien Creditors in existence on the Petition Date. Nothing in the Order shall abridge or limit Lien Creditors' security interests in proceeds, products or profits to extent provided under Section 552 of the Bankruptcy Code.

    f. Debtor shall keep Secured Creditors' collateral and Replacement Collateral free and clear of all other liens, encumbrances and security interests, other than those

Page 3 of 6 – STIPULATED ORDER GRANTING MOTION TO POSTPONE HEARINGS AND EXTEND DEBTOR'S AUTHORITY TO USE CASH COLLATERAL
{00606798:2}

Case 23-60847-tmr11    Doc 42    Filed 06/21/23

in existence on the Petition Date, and shall pay when due all taxes, levies and charges arising or accruing from and after the Petition Date.

   g. Upon one business day's prior written notice to Debtor's counsel, Debtor shall allow Lien Creditors access during normal business hours to Debtor's premises to inspect or appraise their collateral.

   h. During the Budget Period, Debtor shall not harvest "bottom culture" oyster inventory for wholesale sales, but shall be allowed to harvest bottom culture inventory to the limited extent needed for operation of the Debtor's deli/restaurant.

  5. This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtor (a) is domiciled, (b) operates its business, and (c) maintains its principal place of business. The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Lien Creditors' security interests in the Prepetition Collateral. Notwithstanding the foregoing, the Debtor is authorized and directed to execute and deliver to Lien Creditor(s) such financing statements, instruments and other documents as Lien Creditor(s) may deem necessary or desirable from time to time. To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

  6. Nothing in this Order shall be construed to (a) grant a security interest in the Debtor's avoidance powers; (b) convert any pre-petition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization, except as otherwise provided under the Bankruptcy Code; (d) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (e)

Page 4 of 6 – STIPULATED ORDER GRANTING MOTION TO POSTPONE HEARINGS AND EXTEND DEBTOR'S AUTHORITY TO USE CASH COLLATERAL
{00606798:2}

Case 23-60847-tmr11  Doc 42  Filed 06/21/23

enhance the secured position of any creditor as of the Petition Date. Further, nothing in this order shall preclude Lien Creditors from asserting claims for any further amounts that may be owed by the Debtor.

7. Debtor is authorized to execute and deliver to Lien Creditors such instruments considered by each Lien Creditor to be necessary or desirable to perfect the secured interests and liens given to the Lien Creditor, and the Lien Creditor is authorized to receive, file, and record the same.

8. Nothing contained in this Order shall constitute a determination as to the amount, validity, or priority of any pre-petition obligation, security interest, or lien and all rights of parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid, or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgement by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" are without prejudice to all rights, defenses, and claims of Debtor to contend that any party does not have a perfected lien or security interest in such collateral.

9. In the event of a default under the terms of this Order, and unless the Debtor cures such default within ten (10) days after receiving written notice of the default, the Debtor's right to use Cash Collateral shall be terminated and the Debtor shall be further prohibited from using Cash Collateral without obtaining a court order allowing such use.

10. On or before July 9, 2023, Debtor will provide Secured Creditors a report on actual use of cash, revenues and expenditures covering the period between the filing date through July 7, 2023.

11. This Order does not contain any of the "disfavored provisions" listed in LBF #541.7.

###

Page 5 of 6 – STIPULATED ORDER GRANTING MOTION TO POSTPONE HEARINGS AND EXTEND DEBTOR'S AUTHORITY TO USE CASH COLLATERAL
{00606798:2}

Case 23-60847-tmr11    Doc 42    Filed 06/21/23

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone: 503-417-0500
Facsimile: 503-417-0508
E-mail: nhenderson@portlaw.com
Of Attorneys for Debtor

Page 6 of 6 – STIPULATED ORDER GRANTING MOTION TO POSTPONE HEARINGS AND EXTEND DEBTOR'S AUTHORITY TO USE CASH COLLATERAL
{00606798:2}

Case 23-60847-tmr11    Doc 42    Filed 06/21/23

# EXHIBIT 1

# CASH COLLATERAL BUDGET

{00606798:2}

In re: Clausen Oysters, LLC
Case No.: 23-60847-tmr11

Exhibit 1

Projected Cash Budget
6/1/2023 through 7/14/2023

| Week Ending | 6/2/23 | 6/9/23 | 6/16/23 | 6/23/23 |
|---|---|---|---|---|
| **Initial Cash Balance** | $ 50,000.00 | $ 60,435.00 | $ 44,807.00 | $ 59,282.00 |
| **Cash Inflows:** | | | | |
| Sunnyvale - Oyster Sales | $ - | $ - | $ - | $ - |
| Chef Direct | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 |
| Chef Direct Square Sales | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| Deli | $ 12,000.00 | $ 13,000.00 | $ 13,000.00 | $ 13,000.00 |
| **Total Cash Inflows:** | $ 19,000.00 | $ 20,000.00 | $ 20,000.00 | $ 20,000.00 |
| **Operating Expenses:** | | | | |
| Oyster Seed Purchases | $ - | $ (8,000.00) | $ - | $ - |
| Worker's Comp | $ (1,800.00) | $ - | $ - | $ - |
| Insurance | $ (1,095.00) | $ - | $ - | $ - |
| Utilities | $ - | $ - | $ - | $ - |
| Pest Control | $ (145.00) | $ - | $ - | $ - |
| Cleaning, Maint, Repair | $ (250.00) | $ (250.00) | $ (250.00) | $ (250.00) |
| Parts and Supplies | $ (100.00) | $ (100.00) | $ (100.00) | $ (100.00) |
| Square | $ (50.00) | $ (50.00) | $ (50.00) | $ (50.00) |
| Payroll | $ - | $ (21,883.00) | $ - | $ (16,000.00) |
| Payroll Expenses | $ - | $ (220.00) | $ - | $ (220.00) |
| Farm Ops (General) | $ (100.00) | $ (100.00) | $ (100.00) | $ (100.00) |
| Farm Ops (Repairs and Supplies) | $ (125.00) | $ (125.00) | $ (125.00) | $ (125.00) |
| Fuel | $ (250.00) | $ (250.00) | $ (250.00) | $ (250.00) |
| Shipping/Freight | $ (3,000.00) | $ (3,000.00) | $ (3,000.00) | $ (3,000.00) |
| Deli Ops (Food, Packaging, Supplies) | $ (1,650.00) | $ (1,650.00) | $ (1,650.00) | $ (1,650.00) |
| Bank Fees | $ - | $ - | $ - | $ - |
| Misc. / Office Expense | $ - | $ - | $ - | $ - |
| **Total Operating Expenses:** | $ (8,565.00) | $ (35,628.00) | $ (5,525.00) | $ (21,745.00) |
| **Other Expenses:** | | | | |
| Utility Deposits | $ - | $ - | $ - | $ - |
| Ice Machine Lease | $ - | $ - | $ - | $ - |
| Adequate Protection Pmts - Clausen Family | $ - | $ - | $ - | $ - |
| Bank of the West Forklift Lease | $ - | $ - | $ - | $ - |
| **Total Other Expenses:** | $ - | $ - | $ - | $ - |
| **Total Cash Outflows:** | $ (8,565.00) | $ (35,628.00) | $ (5,525.00) | $ (21,745.00) |
| **Remaining Cash Balance** | $ 60,435.00 | $ 44,807.00 | $ 59,282.00 | $ 57,537.00 |

| Week Ending | 6/30/23 | 7/7/23 | 7/14/23 | Grand Total |
|---|---|---|---|---|
| **Initial Cash Balance** | $ 57,537.00 | $ 72,012.00 | $ 58,227.00 | |
| **Cash Inflows:** | | | | |
| Sunnyvale - Oyster Sales | $  -  | $  -  | $  -  | $  -  |
| Chef Direct | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 25,000.00 |
| Chef Direct Square Sales | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 14,000.00 |
| Deli | $ 13,000.00 | $ 13,000.00 | $ 13,000.00 | $ 90,000.00 |
| **Total Cash Inflows:** | $ 20,000.00 | $ 20,000.00 | $ 20,000.00 | $ 79,000.00 |
| **Operating Expenses:** | | | | |
| Oyster Seed Purchases | $  -  | $ (8,000.00) | $  -  | $ (16,000.00) |
| Worker's Comp | $  -  | $ (1,800.00) | $  -  | $ (3,600.00) |
| Insurance | $  -  | $ (1,095.00) | $  -  | $ (2,190.00) |
| Utilities | $  -  | $  -  | $  -  | $  -  |
| Pest Control | $  -  | $ (145.00) | $  -  | $ (290.00) |
| Cleaning, Maint, Repair | $ (250.00) | $ (250.00) | $ (250.00) | $ (1,750.00) |
| Parts and Supplies | $ (100.00) | $ (100.00) | $ (100.00) | $ (700.00) |
| Square | $ (50.00) | $ (50.00) | $ (50.00) | $ (350.00) |
| Payroll | $  -  | $ (17,000.00) | $  -  | $ (54,883.00) |
| Payroll Expenses | $  -  | $ (220.00) | $  -  | $ (660.00) |
| Farm Ops (General) | $ (100.00) | $ (100.00) | $ (100.00) | $ (700.00) |
| Farm Ops (Repairs and Supplies) | $ (125.00) | $ (125.00) | $ (125.00) | $ (875.00) |
| Fuel | $ (250.00) | $ (250.00) | $ (250.00) | $ (1,750.00) |
| Shipping/Freight | $ (3,000.00) | $ (3,000.00) | $ (3,000.00) | $ (21,000.00) |
| Deli Ops (Food, Packaging, Supplies) | $ (1,650.00) | $ (1,650.00) | $ (1,650.00) | $ (11,550.00) |
| Bank Fees | $  -  | $  -  | $  -  | $  -  |
| Misc. / Office Expense | $  -  | $  -  | $  -  | $  -  |
| **Total Operating Expenses:** | $ (5,525.00) | $ (33,785.00) | $ (5,525.00) | $ (116,298.00) |
| **Other Expenses:** | | | | |
| Utility Deposits | $  -  | $  -  | $ (2,500.00) | $ (2,500.00) |
| Ice Machine Lease | $  -  | $  -  | $  -  | $  -  |
| Adequate Protection Pmts - Clausen Family | $  -  | $  -  | $  -  | $  -  |
| Bank of the West Forklift Lease | $  -  | $  -  | $  -  | $  -  |
| **Total Other Expenses:** | $  -  | $  -  | $ (2,500.00) | $ (2,500.00) |
| **Total Cash Outflows:** | $ (5,525.00) | $ (33,785.00) | $ (8,025.00) | $ (118,798.00) |
| **Remaining Cash Balance** | $ 72,012.00 | $ 58,227.00 | $ 70,202.00 | |