1  Thomas W. Stilley, OSB No. 883167
   Susan S. Ford, OSB No. 842203
2  Garrett S. Eggen, OSB No. 222197
   SUSSMAN SHANK LLP
3  1000 SW Broadway, Suite 1400
   Portland, OR 97205-3089
4  Telephone: (503) 227-1111
   Facsimile: (503) 248-0130
5  E-Mail: tstilley@sussmanshank.com

6        Attorneys for Creditors Lilli K.
         Clausen, Steven O. Clausen, David O.
7        Clausen, Kimberly D. Stolz

8

9
                 IN THE UNITED STATES BANKRUPTCY COURT
10
                           DISTRICT OF OREGON
11
   In re:                          )   Case No. 23-60847-tmr11
12                                 )
   Clausen Oysters, LLC,           )   STIPULATED MOTION TO APPROVE
13                                 )   COMPROMISE AND SETTLEMENT
            Debtor-in-Possession.  )   BETWEEN DEBTOR AND CLAUSEN
14                                 )   FAMILY
                                   )
15                                 )
                                   )
16 _____)

17                               **MOTION**

18        Debtor Clausen Oysters, LLC (the "Debtor") and Lilli K. Clausen, Steven O. Clausen,

19 David O. Clausen, Kimberly D. Stolz (the "Clausen Family" and, together with the Debtor, the

20 "Parties"), through their counsel of record, hereby file this motion (the "Motion") on a stipulated

21 basis for entry of an order pursuant to Federal Rule of Bankruptcy Practice and Procedure 9019(a)

22 approving the Parties' proposed settlement agreement attached as <u>Exhibit 1</u> (the "Proposed

23 Settlement Agreement") to the proposed form of order attached hereto as <u>Exhibit A</u> (the "Proposed

24 Order"). In further support of the Motion, the Parties respectfully represent as follows:

25                              **BACKGROUND**

26        The Clausen Family is the holder of valid and perfected liens and security interests in

**Page 1 of 8** – STIPULATED MOTION TO APPROVE COMPROMISE AND
SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-60847-tmr11    Doc 49    Filed 07/06/23

virtually all property of the Debtor.  These security interests arise from (a) that certain Clausen Oysters Purchase Agreement dated as of September 28, 2018 by and between the Clausen Family, Haynes Inlet, LLC, Acacia Pacific Group, LLC, and the Debtor; (b) that certain Security Agreement dated as of September 28, 2018 by and between the Debtor and the Clausen Family; and (c) that certain Trust Deed, dated as of September 28, 2018.

On April 12, 2023, the Clausen Family filed a Complaint in the Circuit Court of Oregon for the County of Coos seeking, among other things, to foreclose on the Trust Deed and Security Agreement and to appoint a receiver to manage, control, and protect its collateral.  A hearing to determine whether to appoint the requested receiver was scheduled for May 19, 2023.

On May 18, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for bankruptcy relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code.  *See* Docket No. 1 (the "Petition").  The Debtor's Petition valued the Collateral at $2,000,000 and the Clausen Family's secured claim at $3,493,569.00.

On May 26, 2023, the Debtor filed the *Debtor's Motion for Interim and Final Orders Authorizing Debtor to Use Cash Collateral and to Grant Adequate Protection* [Docket No. 23] (the "Cash Collateral Motion").

On May 30, 2023, the Clausen Family filed an objection to the Cash Collateral Motion. *See* Docket No. 25.

On May 31, 2023, the Court held a hearing on the Cash Collateral Motion.

On June 1, 2023, the Debtor submitted a revised proposed interim order on the Cash Collateral Motion.  The Court entered the submitted order on that same day.  *See* Docket No. 28 (the "Interim Cash Collateral Order").

On June 8, 2023, the Clausen Family filed the *Motion to Shorten Time for Hearing on Motion for Relief from the Automatic Stay* [Docket No. 36] (the "Motion to Shorten") seeking to shorten the time for notice and hearing on the Clausen Family's *Motion for Relief from Automatic Stay* (the "Stay Relief Motion") attached thereto as Exhibit B.

**Page 2 of 8** – STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-60847-tmr11   Doc 49   Filed 07/06/23

1    On June 11, 2023, the Debtor filed its Schedules of Assets and Statements of Financial

2    Affairs. *See* Docket No. 37 (the "Schedules and Statements"). In the Schedules and Statements,

3    the Debtor valued all of it property at $2,657,041 and valued the Clausen Family's secured claim

4    at $3,493,569.

5    On June 12, 2023, the Court entered an order approving the Motion to Shorten, thereby

6    scheduling the hearing on the Stay Relief Motion for June 21, 2023. *See* Docket No. 38. The

7    Clausen Family filed the Stay Relief Motion that same day. *See* Docket No. 39.

8    Shortly after the Clausen Family filed the Stay Relief Motion, the Parties began negotiating

9    a potential settlement to resolve their disputes. As a result of these discussions, on June 20, 2023,

10   the Parties filed the *Stipulated Motion to Postpone Hearings and Extend Debtor's Authority to use*

11   *Cash Collateral and Grant Adequate Protection* [Docket No. 40] (the "Motion to Extend"). The

12   Court entered an order granting the Motion to Extend on June 21, 2023, thereby extending the

13   Debtor's use of cash collateral on the terms set forth therein and continuing the hearing on the

14   Cash Collateral Motion and Stay Relief Motion until July 13, 2023. *See* Docket No. 42.

15   After engaging in further settlement discussions, the Parties entered into the Proposed

16   Settlement Agreement on July 5, 2023 and have filed this Motion seeking Court approval to

17   implement the terms thereof.

18   **SETTLEMENT AND COMPROMISE[1]**

19   As set forth more fully in the Proposed Settlement Agreement, the Parties have agreed to

20   resolve their disputes on the following terms:

21   • The Clausen Family's claim against the Debtor shall be reduced to $2,250,000, subject to the terms below.

22   
23   • The Debtor will pay $1,000,000 in cash no later than July 17, 2023 (the "Initial Payment") into an escrow account which shall be released to the Clausen Family upon entry of an order approving the Proposed Settlement Agreement.

24   

25   _____

26   [1] The summarized terms of the Proposed Settlement Agreement are provided for illustrative purposes only. To the extent that any of these terms contradict the terms of the Proposed Settlement Agreement, the Proposed Settlement Agreement shall control.

**Page 3 of 8** – STIPULATED MOTION TO APPROVE COMPROMISE AND
SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

- The balance of the Clausen Family's claim will be paid pursuant to a promissory note (the "Promissory Note") in the total amount of $1,250,000 made by the Debtor containing the following terms:

  - The Promissory Note shall be secured by a trust deed against the Debtor's real property.

  - Interest on the principal balance of the Promissory Note shall accrue at 6% per annum.

  - Payments of principal and interest under the Promissory Note shall be amortized on a ten-year schedule.

  - Monthly principal and interest payments on the Promissory Note will start on August 1, 2023 and will be due on the first calendar day of each month thereafter.

  - On August 1, 2025, the entire remaining unpaid balance of principal and interest under the Promissory Note shall be due and payable in full.

- Upon the Debtor's payment of the Initial Payment entry of an order by the Bankruptcy Court approving the Agreement, the Clausen Family shall execute any documents necessary to subordinate its security interests in its collateral, other than the Debtor's real property, to any security interests granted to an entity providing financing to the Debtor to finance the Initial Payment.

- The Clausen Family will be entitled to immediate relief from the automatic stay to prosecute its prepetition lawsuit against the Debtor and to transfer a deed to the Real Property in lieu of foreclosure (the "Deed in Lieu of Foreclosure") to the Clausen Family if the Debtor fails to make the Initial Payment by July 17, 2023.

- The Clausen Family's claim against the Debtor will not be reduced to $2,250,000 if the Debtor fails to make the Initial Payment by July 17, 2023.

- After timely payment of the Initial Payment, any default by the Debtor under the Proposed Settlement Agreement and Promissory Note that is not timely cured shall result in the Debtor transferring the Deed in Lieu of Foreclosure to the Clausen Family and, if necessary, a stipulating to relief from the automatic stay to effect such transfer.

- The Debtor shall not be permitted to use any tax refunds or Employment Retention Credits received from the Internal Revenue Service until the Debtor has (a) timely paid the Initial Payment and (b) provided the Clausen Family a budget setting forth the expenses for which the Debtor will use such funds and the Debtor has consented to the use of such funds as set forth in a budget setting forth the proposed uses of such funds, which such consent shall not be unreasonably withheld by the Clausen Family.

## POINTS AND AUTHORITIES

Upon motion and after notice and hearing, the Court may approve a compromise and settlement pursuant to Federal Rule of Bankruptcy Procedure 9019(a). So long as a proposed

**Page 4 of 8** – STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-60847-tmr11    Doc 49    Filed 07/06/23

1  compromise and settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 is fair and

2  equitable, a bankruptcy court has substantial latitude in granting its approval.  *See Martin v. Kane*

3  *(In re A & C Props.)*, 784 F.2d 1377, 1380-81 (9th Cir 1986).  The Court has routinely applied the

4  four-part test set forth in A&C Properties, which requires the Court to consider (1) the probability

5  of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection;

6  (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily

7  attending it; and (4) the paramount interests of the creditors and a proper deference to their

8  reasonable views.  784 F.2d at 1381.  Further, "[i]t is not necessary to satisfy each of these factors

9  provided that the factors as a whole favor approving the settlement." *In re Pac. Gas & Elec. Co.*,

10 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004).  In applying these four factors, it is clear that the

11 proposed settlement is fair, equitable, and in the best interests of the Debtor's estate.

12 **I.  Probability of Success**

13      The filing of the Debtor's bankruptcy case was triggered by disputes between the Debtor

14 and the Clausen Family and the Clausen Family's impending motion for the appointment of a

15 receiver.  The probability for success for either party is highly uncertain in that, in the absence of

16 a settlement, the Debtor and Clausen Family would be forced to continue litigating issues related

17 to the Debtor's proposed use of cash collateral, relief from the automatic stay, and, if necessary,

18 confirmation of a proposed plan of reorganization.  All of the foregoing would be extremely

19 expensive and uncertain, and would tie up assets and cash that could otherwise be made available

20 to pay the Debtor's other creditors.  Accordingly, the Parties believe that the uncertainties

21 surrounding the probability of success for either party favors approval of the Proposed Settlement

22 Agreement.

23 **II.  Impediments to Collection**

24      This factor does not apply because the Debtor is not attempting to collect from the Clausen

25 Family.

26 */ / /*

**Page 5 of 8** – STIPULATED MOTION TO APPROVE COMPROMISE AND
SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

## III. Complexity, Expense, Inconvenience and Delay of Litigation

The legal issues surrounding the Parties' disputes are complex and would be extremely expensive, time consuming and inconvenient to litigate. As an initial matter, the Parties' current disputes pertain to whether or not the Debtor can adequately protect the Clausen Family's security interests. Litigating this issue would require an extensive evidentiary hearing involving multiple witnesses who would be testifying on complex issues including, but not limited to, the value of the Clausen Family's collateral, the Debtor's historical business practices and financial information, and whether the Debtor had taken the correct measures to ensure that the Clausen Family's collateral's value would be maintained as of the Petition Date. The complexity of these issues is amplified given the intricacies of the Debtor's business of farming and selling oysters.

Moreover, should the Debtor's bankruptcy case continue beyond the Cash Collateral Motion and Relief from Stay Motion, the Parties would undoubtedly become entangled in further litigation arising from confirmation of the Debtor's plan. Indeed, the Parties would most certainly litigate whether the Debtor has satisfied the Bankruptcy Code § 1129(a) factors which would include extensive testimony and discovery on plan projections and the Debtor's financial data related to support plan feasibility under § 1129(a)(11). Based on the foregoing, avoidance of the complex, expensive, inconvenient and time-consuming litigation described herein certainly weighs in favor of approving the Proposed Settlement Agreement.

## IV. The Paramount Interest of Creditors with Proper Deference to their Reasonable Views

The Clausen Family is by far the largest secured creditor in this case with its claim listed in the Schedules and Statements as $3,493,569. Per above, this claim is secured by substantially all of the Debtor's assets. By contrast, the handful of other secured creditors listed in the Schedules and Statements hold claims each valued at under $10,000 and with security interests in only certain of the Debtor's property. Moreover, the unsecured claims listed in the Schedules and Statements are presently valued at $265,896, exclusive of the unsecured portion of the Clausen Family's claim. Given that the Schedules and Statements value the Debtor's collateral at merely $2,657,041, the

**Page 6 of 8** – STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

Case 23-60847-tmr11    Doc 49    Filed 07/06/23

1    unsecured portion of the Clausen Family's claim also would render it by far the largest unsecured

2    creditor.    Accordingly, it is highly unlikely that other unsecured creditors would see any

3    noteworthy recoveries on their claims if the Proposed Settlement Agreement is denied because the

4    Clausen Family is substantially undersecured.

5        Conversely, approval of the Proposed Settlement Agreement will sharply reduce the value

6    of the Clausen Family's secured claim and the property securing its claim which in turn will free

7    up more of the Debtor's cash and other assets towards paying other creditors.  In addition, approval

8    of the Proposed Settlement Agreement will bring finality to the Parties' disputes and permit the

9    Debtor to proceed with its business affairs and continue doing business with its vendors and other

10   creditors who otherwise would be harmed by the time, expense, and delay of protracted litigation

11   between the Parties.  Finally, should the Debtor fail to make the Initial Payment, the resulting relief

12   from stay granted to the Clausen Family would still avoid the costs and expenses of drawn out

13   litigation that would otherwise restrict the Debtor's ability to pay other creditors and such creditors

14   would nonetheless preserve their claims upon the appointment of a receiver over the Debtor.

15   Accordingly, approval of the Proposed Settlement Agreement is in the best interests of all of the

16   Debtor's creditors.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

**Page 7 of 8** – STIPULATED MOTION TO APPROVE COMPROMISE AND
SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

**CONCLUSION**

WHEREFORE, the Clausen Family respectfully requests that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A,</u> (a) affirming the adequacy of the notice given herein; (b) approving the Proposed Settlement Agreement; (c) authorizing the Parties to take all steps necessary to implement the Proposed Settlement Agreement; and (d) any further relief that this Court deems necessary or appropriate.

Dated this 6th day of July, 2023.

SUSSMAN SHANK LLP

*/s/ Garrett S. Eggen*

Thomas W. Stilley, OSB No. 883167
Susan S. Ford, OSB No. 842203
Garrett S. Eggen, OSB No. 222197
Attorneys for Creditors Lilli K. Clausen, Steven O. Clausen, David O. Clausen, Kimberly D. Stolz

**SO STIPULATED:**           MOTSCHENBACHER & BLATTNER LLP

*/s/ Nicholas J. Henderson*

Nicholas J. Henderson, OSB No. 074027
Proposed Attorneys for Debtor-in-Possession

**Page 8 of 8** – STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-60847-tmr11    Doc 49    Filed 07/06/23

|     | |     |
|-----|-|-----|
| 1   | | |
| 2   | | |
| 3   | | |
| 4   | | |
| 5   | | |
| 6   | | |
| 7   | | |
| 8   | | |
| 9   | | |

**IN THE UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF OREGON**

| In re: | ) | Case No. 23-60847-tmr11 |
|--------|---|-------------------------|
| | ) | |
| Clausen Oysters, LLC, | ) | ORDER GRANTING STIPULATED |
| | ) | MOTION TO APPROVE COMPROMISE |
| Debtor-in-Possession. | ) | AND SETTLEMENT BETWEEN DEBTOR |
| | ) | AND CLAUSEN FAMILY |
| | ) | |
| | ) | |
| _____ | ) | |

This matter having come before the Court pursuant to the Stipulated Motion to Approve Compromise and Settlement Between Debtor and Clausen Family [Docket No. ___] (the "Motion")[1], and the Court having reviewed the Motion and the Court's files herein; and the Court having jurisdiction and authority over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A); and the Court finding that notice of the Motion and the hearing thereon were good and proper under the circumstances; and the Court finding good cause exists to grant the relief requested in the Motion. Now, therefore, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**Page 1 of 2** – ORDER GRANTING STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1         ORDERED:

2         1.       The Motion is GRANTED;

3         2.       The Proposed Settlement Agreement is approved.

4         3.       The Parties are authorized to enter into the Proposed Settlement Agreement and

5 take all steps necessary and proper to implement and effectuate the Proposed Settlement

6 Agreement.

7         4.       The Court shall retain jurisdiction over all matters arising from or related to the

8 interpretation and implementation of this Order.

9                                    ###

10 PRESENTED BY:

11 SUSSMAN SHANK LLP

12         */s/ Garrett S. Eggen*

By _____

13      Thomas W. Stilley, OSB No. 883167

14      Susan S. Ford, OSB No. 842203

     Garrett S. Eggen, OSB No. 222197

15      Attorneys for the Clausen Family

16

17

18

19

20

21

22

23

24

25

26

**Page 2 of 2** – ORDER GRANTING STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

# SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is entered into this day of June 29, 2023, by and between debtor Clausen Oysters, LLC (the "Debtor") and Lilli K. Clausen, Steven O. Clausen, David O. Clausen and Kimberly D. Stolz (collectively, the "Clausen Family") and shall be effective as of the date upon which it is fully executed. The Debtor and the Clausen Family are referred to herein collectively as the "Parties" and individually as "Party".

## DEFINITIONS

As used in this Agreement, the following capitalized terms shall have the following meanings:

a. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Oregon.

b. "Bankruptcy Case" shall mean the case captioned *In re Clausen Oysters, LLC*, Case No. 23-60847-tmr11 currently pending before the Bankruptcy Court.

c. "Purchase Agreement" shall mean the Clausen Oysters Purchase Agreement dated as of September 28, 2018 by and between the Clausen Family, Haynes Inlet, LLC, Acacia Pacific Group, LLC, and the Debtor.

d. "Security Agreement" shall mean the Security Agreement made on September 28, 2018, by and between the Debtor and the Clausen Family.

e. "Haynes" shall mean Haynes Inlet, LLC.

f. "Collateral" shall have the meaning ascribed to such term in the Security Agreement, exclusive of the Real Property.

g. "Trust Deed" shall mean the Trust Deed made and executed on September 28, 2018, by the Debtor, the Clausen Family, and Ticor Title Insurance.

h. "Real Property" shall mean that certain real property granted by the Debtor to the Clausen Family pursuant to the Trust Deed.

i. "Prepetition Action" shall mean the lawsuit initiated by the Clausen Family against the Debtor on April 12, 2023 in the Circuit Court for the State of Oregon for the County of Coos captioned Case No. 23CV15094.

## RECITALS

WHEREAS, on September 28, 2018, the Debtor, the Clausen Family and certain other parties entered into the Purchase Agreement, the Security Agreement and the Trust Deed.

WHEREAS, pursuant to the Purchase Agreement, the Clausen Family sold its interests in the Debtor's assets to Haynes for the purchase price of $3,350,000 (the "Purchase Price") and agreed to carry the financing on the unpaid purchase price at a six percent interest rate, and Haynes agreed to make monthly payments to the Clausen Family for 48 months and to pay the balance of the Purchase Price in full no later than October 31, 2022.

WHEREAS, Haynes' payment and performance under the Purchase Agreement was secured by the Security Agreement and Trust Deed, which granted the Clausen Family security interests in the Collateral and the Real Property and which the Clausen Family perfected by the filing of financing statements.

Exhibit A
Page 3 of 10
{00608421:1}
Exhibit 1
Page 1 of 8

Case 23-60847-tmr11    Doc 49    Filed 07/06/23

WHEREAS, pursuant to the foregoing, and with the possible exception of a lien against Clausen Oysters, LLC's live oyster inventory in favor of Ocean Empire Seafood, Inc., and dated November 15, 2017, the Clausen Family is the holder of valid, duly perfected, first-priority liens and security interests in substantially all assets of the Debtor.

WHEREAS, in late 2022, Haynes defaulted on its financial obligations under the Purchase Agreement, which in turn rendered the Debtor in default under the Security Agreement and Trust Deed, including by failing to make the $15,000 minimum monthly payment during September 2022 and the failure to make the required balloon payment in October 2022 of the entire remaining unpaid balance of the principal and interest due under the Purchase Agreement.

WHEREAS, on April 12, 2023, the Clausen Family filed the complaint in the Prepetition Action against the Debtor seeking, among other things, to foreclose on the Trust Deed and Security Agreement and to appoint a receiver to manage, control and protects its collateral.

WHEREAS, on May 18, 2023, the Debtor filed a voluntary petition for bankruptcy relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code, thereby staying the Prepetition Action.

WHEREAS, on May 26, 2023, the Debtor filed the *Debtor's Motion for Interim and Final Orders Authorizing Debtor to Use Cash Collateral and to Grant Adequate Protection* [Docket No. 23] (the "Cash Collateral Motion") seeking, among other things, to use the Clausen Family's cash collateral (the "Cash Collateral") pursuant to the budget attached to thereto.

WHEREAS, on May 30, 2023, the Clausen Family filed an objection to the Cash Collateral Motion [Docket No. 25] (the "Cash Collateral Objection").

WHEREAS, on June 1, 2023, the Bankruptcy Court entered an order approving a revised version of the proposed interim order submitted in support of the Cash Collateral Motion and scheduled a hearing to determine whether to approve the Cash Collateral Motion on a final basis for June 21, 2023.

WHEREAS, on June 12, 2023, the Clausen Family filed the *Motion for Relief from the Automatic Stay* [Docket No. 39] (the "Relief from Stay Motion") seeking, among other things, relief from the automatic stay imposed by Bankruptcy Code Section 362 to continue prosecution of the Prepetition Action.

WHEREAS, on June 16, 2023, the Parties began to engage in discussions to resolve their disputes relating to the Clausen Family's claims against the Debtor.

WHEREAS, on June 20, 2023, the Debtor and the Clausen Family filed the *Stipulated Motion to Postpone Hearings and Extend Debtor's Authority to Use Cash Collateral and Grant Adequate Protection* [Docket No. 40] (the "Motion to Extend") seeking, among other things, to extend the final hearing on the Cash Collateral Motion until July 13, 2023 and to permit the Debtor's continued use of Cash Collateral while the Parties continued to engage in settlement discussions concerning the treatment of the Clausen Family's claims against the Debtor.

WHEREAS, the Parties desire to resolve any and all disputes and claims between and among them related to the events, transactions and matters described in the foregoing recitals (collectively, the "Dispute") on the terms and conditions set forth below.

**AGREEMENT**

NOW, THEREFORE, in consideration of the promises and the mutual agreements, covenants, and provisions contained in this Agreement, the Parties agree and declare as follows:

2. **Incorporation of Recitals.** The Parties each acknowledge that the above recitals are true and correct and forming an integral part of this Agreement they are incorporated by reference herein.

3. **Settlement Agreement.** The Parties shall submit the Agreement to the Bankruptcy Court by filing a stipulated motion (the "9019 Motion") requesting Bankruptcy Court approval no later than June 30, 2023. The Parties shall also file a stipulated motion to shorten the notice period for the 9019 Motion and request the 9019 Motion be heard at the hearing currently scheduled before the Bankruptcy Court for July 13, 2023. The failure of the Bankruptcy Court to approve the material terms of the Agreement shall render the Agreement null and void and the Parties' rights and claims shall revert to their status as if the Agreement had not been executed by either Party.

4. **Payment of the Clausen Family's Claim.** The Clausen family's claim against the Debtor shall be reduced to $2,250,000, which the Debtor shall pay as follows:

   a. The Debtor will pay $1,000,000 in cash no later than July 17, 2023 (the "Initial Payment") into an escrow account of the Parties' choosing. The escrow agent holding the Initial Payment will be instructed to disburse the Initial Payment to the Clausen Family upon entry of an order approving the Agreement by the Bankruptcy Court.

   b. The balance of the Clausen Family's claim will be paid pursuant to a promissory note (the "Promissory Note") in the total amount of $1,250,000 made by the Debtor containing the following terms:

      i. The Promissory Note shall be secured by a trust deed against the Debtor's Real Property (the "Settlement Trust Deed").

      ii. Interest on the principal balance of the Promissory Note shall accrue at 6% per annum.

      iii. Payments of principal and interest under the Promissory Note shall be amortized on a ten-year schedule.

      iv. Monthly principal and interest payments on the Promissory Note will start on August 1, 2023 and will be due on the first calendar day of each month thereafter.

      v. On August 1, 2025, the entire remaining unpaid balance of principal and interest under the Promissory Note shall be due and payable in full.

   c. For the avoidance of doubt, the Clausen Family's claim shall be reduced to $2,250,000 only upon the funding of the Initial Payment and entry of an order approving the Agreement by the Bankruptcy Court.

5. **Subordination of the Clausen Family's Lien.** Upon the Debtor's payment of the Initial Payment and entry of an order by the Bankruptcy Court approving the Agreement, the Clausen Family shall execute any documents necessary to subordinate its security interests in

Exhibit A
Page 5 of 10

{00608421:1}
Exhibit 1
Page 3 of 8

Case 23-60847-tmr11    Doc 49    Filed 07/06/23

the Collateral to any security interests granted to an entity providing financing to the Debtor to finance the Initial Payment. For the avoidance of doubt, the Clausen Family shall not subordinate or release its lien in the Real Property.

6. **Execution of Promissory Note, Settlement Trust Deed and Deed in Lieu of Foreclosure.** No later than one week after execution of this Agreement, the Parties shall draft and execute the Promissory Note and Settlement Trust Deed contemplated in Paragraph 4 herein and the Deed in Lieu of Foreclosure contemplated in Paragraph 7 herein.

7. **Failure to Make the Initial Payment.** The Debtor hereby stipulates that the Clausen Family will be entitled to immediate relief from the automatic stay to prosecute its Prepetition Action and to transfer a deed to the Real Property in lieu of foreclosure (the "Deed in Lieu of Foreclosure") to the Clausen Family if the Debtor fails to make the Initial Payment by July 17, 2023, as described more fully above. The Debtor further stipulates that the Clausen Family's claim will not be reduced as set forth in Paragraph 4(c) and that the Clausen Family shall retain all rights and claims as existed prior to the execution of Agreement. The Debtor shall submit a stipulated order with the Clausen Family to the Bankruptcy Court providing the Clausen Family with such relief from the automatic stay no later than July 18, 2023 and such order shall be effective and enforceable immediately upon entry notwithstanding the fourteen day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. Within three business days of the filing of the 9019 Motion, the Debtor will contact the Bankruptcy Court to schedule a tentative hearing at the Bankruptcy Court's earliest convenience on or after July 18, 2023 to present the stipulated order granting the Clausen Family relief from the automatic stay. The Debtor may cancel this tentative hearing upon providing proof to the Clausen Family that the the Initial Payment contemplated in Paragraph 4(a) herein has been made timely.

8. **Failure to Make Subsequent Payments.** The Debtor's failure to make any of the payments described in Paragraph 4(b) of this Agreement, including the monthly payments in Paragraph 4(b)(iv) or the balloon payment in Paragraph 4(b)(v), shall constitute a default under this Agreement and the Promissory Note. The Debtor shall have three business days to cure any such default. If the Debtor fails to cure such default within the time provided by this paragraph, the Debtor shall transfer the Deed in Lieu of Foreclosure to the Clausen Family no later than five business days after the failure to timely cure. If requested, the Debtor will agree to submit a stipulated order together with the Clausen Family to the Bankruptcy Court providing for relief from the automatic stay to effect the terms of this paragraph and such order shall be effective and enforceable immediately upon entry notwithstanding the fourteen day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

9. **Non-Monetary Defaults Under the Agreement or Agreements Executed in Support Thereof.** The Debtor shall have seven business days to cure any non-monetary default by the Debtor under the Agreement and any of the agreements executed in support thereof, including, but not limited to, the Promissory Note and the Settlement Trust Deed. If the Debtor fails to cure such default within the time provided by this paragraph, the Debtor will transfer the deed of the Real Property in lieu of foreclosure to the Clausen Family no later than five business days after expiration of the cure period. If necessary, the Debtor shall submit a stipulated order together with the Clausen Family to the Bankruptcy Court providing for relief from the automatic stay to effect the terms of this paragraph and such

order shall be effective and enforceable immediately upon entry notwithstanding the fourteen day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

10. **The Debtor's Use of Tax Credits.** The Debtor shall report to the Clausen Family no later than three business days after receipt of any tax refunds or Employment Retention Credits from the Internal Revenue Service. The Debtor shall not be permitted to use any such funds until it has provided the Clausen Family a budget setting forth the expenses for which the Debtor will use such funds and the Debtor has consented to the use of such funds as set forth in the budget. The Debtor also shall not be permitted to use any such funds until it pays the Initial Payment as contemplated by Paragraph 4(a) herein. The Clausen Family agrees to not unreasonably restrict the Debtor's use of such funds.

11. **Representation of Comprehension of Document**. By entering into this Agreement, each Party represents that he or she has completely read its terms and conditions, and/or that the terms and conditions have been completely read and explained to each Party by such Party's attorney, and each Party fully understands this Agreement and voluntarily accepts and enters into it.

12. **Authority.** Each of the Parties to this Agreement and/or their respective designated signatory represents and warrants that they have the requisite authority to execute this Agreement on behalf of such Party.

13. **Entire Agreement and Successors in Interest.** This Agreement constitutes a single, integrated written contract and expresses the entire agreement of the Parties with respect to the subject matter of this Agreement. No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing by the authorized representative of each Party. This Agreement supersedes and cancels all prior negotiations and understandings of any kind with respect to the subject matter hereof and cancels all of the terms and provisions of any prior agreement between the Parties with respect to the subject matter hereof. This Agreement shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each Party.

14. **Counterparts and Signatures.** This Agreement may be executed in one or more counterparts, each of which may be deemed an original, but all of which shall together constitute one in the same instrument, binding on the Parties. Signatures received by facsimile or email transmission shall be considered an original signature.

**[Remainder of Page Intentionally Left Blank]**

Exhibit A
Page 7 of 10

{00608421:1}
Exhibit 1
Page 5 of 8

Case 23-60847-tmr11    Doc 49    Filed 07/06/23

**CLAUSEN OYSTERS, LLC**

*seth silverman (Jun 29, 2023 21:20 PDT)*
_____
Haynes Inlet, LLC, manager of Clausen
Oysters, LLC
By: Seth Silverman, manager of Haynes Inlet,
LLC

*Patrick Glennon (Jul 5, 2023 12:14 PDT)*
_____
Haynes Inlet, LLC, manager of Clausen
Oysters, LLC
By: Patrick Glennon, manager of Haynes
Inlet, LLC

**CLAUSEN FAMILY**

_____
Kim Stolz

_____
Lilli K. Clausen

_____
Steven O. Clausen

_____
David O. Clausen

Exhibit A
Page 8 of 10

{00608421:1}

Exhibit 1
Page 6 of 8

Case 23-60847-tmr11    Doc 49    Filed 07/06/23

**CLAUSEN OYSTERS, LLC**

_seth silverman (Jun 29, 2023 21:20 PDT)_

Haynes Inlet, LLC, manager of Clausen
Oysters, LLC
By: Seth Silverman, manager of Haynes Inlet,
LLC

_Patrick Glennon (Jul 5, 2023 12:14 PDT)_

Haynes Inlet, LLC, manager of Clausen
Oysters, LLC
By: Patrick Glennon, manager of Haynes
Inlet, LLC

**CLAUSEN FAMILY**

Kim Stolz

Lilli K. Clausen

Steven O. Clausen

David O. Clausen

{00608421:1}

Exhibit 1
Page 7 of 8

**CLAUSEN OYSTERS, LLC**

_seth silverman (Jun 29, 2023 21:20 PDT)_

Haynes Inlet, LLC, manager of Clausen
Oysters, LLC
By: Seth Silverman, manager of Haynes Inlet,
LLC

_Patrick Glennon (Jul 5, 2023 12:14 PDT)_

Haynes Inlet, LLC, manager of Clausen
Oysters, LLC
By: Patrick Glennon, manager of Haynes
Inlet, LLC

**CLAUSEN FAMILY**

Kim Stolz

Lilli K. Clausen

_____
Steven O. Clausen

_____
David O. Clausen

<u>CERTIFICATE OF SERVICE</u>

1

2       I, Majesta P. Racanelli declare as follows:

3       I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen

4 years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400,

5 Portland, Oregon 97205-3089, in said county and state.

6       I certify that on July 6, 2023, I served, via first class mail, a full and correct copy of the

7 foregoing **STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

8 **BETWEEN DEBTOR AND   CLAUSEN FAMILY**, to the parties of record, addressed as

9 follows:

10       **See attached service list.**

11       I also certify that on July 6, 2023, I served the above-referenced document(s) on all ECF

12 participants as indicated on the Court's Cm/ECF system.

13       I swear under penalty of perjury that the foregoing is true and correct to the best of my

14 knowledge, information, and belief.

15       Dated: July 6, 2023.

16

17                    /s/ Majesta P. Racanelli

18                    _____

                      Majesta P. Racanelli, Paralegal

19 DOCUMENT2

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - Page 1

Label Matrix for local noticing
0979-6
Case 23-60847-tmr11
District of Oregon
Eugene
Thu Jul  6 11:12:23 PDT 2023

Clausen Oysters, LLC
66234 North Bay Road
North Bend, OR 97459-8506

405 E 8th Ave #2600
Eugene, OR 97401-2725

Alaska Air Cargo
P.O. Box 749877
Los Angeles, CA 90074-9877

Alison R. Barber
411 SW 2nd Ave., Ste 400
Portland, OR 97204-3408

Amerigas
P.O. Box 660288
Dallas, TX 75266-0288

Axle Logistics
P.O. Box 631490
Cincinnati, OH 45263-1490

BNT Promotional Products
PO Box 327
North Bend, OR 97459-0028

Bandon Fabrication, LLC
55374 Rosa Road
Bandon, OR 97411-7213

Bank of the West
Attn: Nandita Bakhshi
295 Bush Street
San Francisco, CA 94104-4299

CB/NB Water Board
P.O. Box 539
Coos Bay, OR 97420-0108

CT Corporation System
330 N. Brand Blvd., Suite 700
Glendale, CA 91203-2336

Capital One
PO Box 60599
City of Industry, CA 91716-0599

Central Lincoln
P.O. Box 1126
Newport, OR 97365-0090

Charter Communications
P.O. Box 7173
Pasedena, CA 91109-7173

Childers Meat Co., Inc.
P.O. Box 41058
Eugene, OR 97404-0210

Compumatic Time Recorders, Inc.
1518 Bellmore Avenue
Bellmore, NY 11710-5506

Confluence Environmental Co.
146 N. Canal Street, Suite 111
Seattle, WA 98103-8652

Coos Bay Oyster Company
PO Box 5478
Charleston, OR 97420-0613

Daco
8825 S. 184th St.
Kent, WA 98031-1232

David O. Clausen
49667 Highway 101
Bandon, OR 97411-8236

Day Ship-Supply
702 Hemlock Ave.
Coos Bay, OR 97420

Empire Bakery
525 Newmark Ave.
Coos Bay, OR 97420-3256

Empire Mercantile
640 Newmark Ave.
Coos Bay, OR 97420-3203

Englund Marine & Industrial Supply
PO Box 296
Astoria, OR 97103-0296

FedEx
PO Box 7221
Pasadena, CA 91109-7321

Ferguson Enterprises, Inc.
PO Box 847441
Dallas, TX 75284-7411

GLS US
PO Box 31990
Stockton, CA 95213-1990

Golders Napa
957 S. Front St.
Coos Bay, OR 97420-1482

Greg Dale
100 Pampus Lane
Fortuna, CA 95540-9255

HMWFG
3690 Broadway
North Bend, OR 97459-2200

Haglund Kelley LLP
c/o Joshua J. Stellmon
2177 SW Broadway
Portland, OR 97201-3129

Haynes Inlet, LLC
66234 North Bay Road
North Bend, OR 97459-8506

Haynes Inlet, LLC
8306 Wilshire Blvd., #1913
Beverly Hills, CA 90211-2304

Haynie Trucking LLC
16209 W. Hoffeldt Ln., Unit B
Brookings, OR 97415-9470

(p)IPFS CORPORATION
30 MONTGOMERY STREET
SUITE 1000
JERSEY CITY NJ 07302-3836

IRS
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Industrial Source
PO Box 7577
North Bend, OR 97459

Jorns & Associates
PO Box 782934
Wichita, KS 67278-2934

Jorns & Associates LLC
301 N. Saint Francis St.
Wichita, KS 67202-2621

Kimberly D. Stoltz
36377 Bartoldus Loop
Astoria, OR 97103-8510

Les County Sanitary
P.O. Box 625
North Bend, OR 97459-0051

Lilli K. Clausen, Steven O. Clausen,
David O. Clausen, Kimberly D. Stoltz
93488 Promise Lane
Coos Bay, OR 97420-5315

Michael W Gantenbein
Whit Industries
90742 Sand Dollar Ln
Coos Bay, OR 97420-7667

Mutual of Enumclaw Insurance
PO Box 34983
Seattle, WA 98124-1983

North Bend Lanes
1225 Virginia Avenue
North Bend, OR 97459-2715

Ocean Empire Seafood
274 Harbor Way
South San Francisco, CA 94080-6816

Oyster Farmer's Son LLC
66227 North Bay Road
North Bend, OR 97459-8506

Pacific Seafood Co.
P.O. Box 842757
Boston, MA 02284-2757

Palogix Supply Chain
19176 Hall Rd., Suite 125
Clinton Township, MI 48038-6914

Patrick Myers Inc.
2580 Pony Creek Road
North Bend, OR 97459-2651

Plauche & Carr LLP
1218 Third Avenue Suite 2000
Seattle, WA 98101-3235

Roseburg Refrigeration
PO BOx 143
Roseburg, OR 97470-0020

Sorenson Transport Co., Inc.
PO Box 311
Chehalis, WA 98532-0311

Star-Box, Inc.
P.O. Box 2787
Newport Beach, CA 92659-0279

Steven O. Clausen
337 W. Hazel Street
Roseburg, OR 97471-2209

TRLC, Inc.
531 Main Street, #866
El Segundo, CA 90245-3006

Tarhell Aluminum
P.O. Box 5048
Coos Bay, OR 97420-0641

Tyree Oil, Inc.
P.O. Box 2706
Eugene, OR 97402-0266

US Bank
PO Box 790167
Saint Louis, MO 63179-0167

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

US Trustee, Eugene
405 E 8th Ave #1100
Eugene, OR 97401-2728

United Airlines
PO Box 100292
Pasadena, CA 91189-0292


Whiskey Creek Shellfish Hatchery Inc.
2975 Netarts Bay Rd. W
Tillamook, OR 97141-8330

Whit Industries
90742 Sand Dollar Lane
Coos Bay, OR 97420-7667

(p)WHITE SUMMERS CAFFEE & JAMES
ATTN AMANDA BLAUFUS
805 SW BROADWAY
SUITE 2440
PORTLAND OR 97205-3317


Geoff Groshong
600 Stewart Street
Ste 1300
Seattle, WA 98101-1255

NICHOLAS J HENDERSON
Motschenbacher & Blattner, LLP
117 SW Taylor Street
Ste 300
Portland, OR 97204-3029

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

IPFS Corporation
24744 Network Pl
Chicago, IL 60673-1247

US Bank, N.A.
Attn: Andrew Cecere, President
800 Nicollet Mall
Minneapolis, MN 55402

White Summers Caffee & James, LLP
805 SW Broadway Suite 2440
Portland, OR 97205

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Confluence Environmental Company
146 N Canal Street
Suite 111
Seattle, WA 98103-8652

(d)Whiskey Creek Shellfish Hatchery, Inc.
2975 Netarts Bay Rd. W.
Tillamook, OR 97141-8330

(u)David Clausen


(u)Kimberly Stolz

(u)Lilli Clausen

(u)Steven Clausen

End of Label Matrix
Mailable recipients     67
Bypassed recipients      6
Total                   73