Below is an order of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 23-60847-tmr11 |
| Clausen Oysters, LLC, | ORDER GRANTING STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY |
| Debtor-in-Possession. | |

This matter having come before the Court pursuant to the Stipulated Motion to Approve Compromise and Settlement Between Debtor and Clausen Family [Docket No. 49] (the "Motion")[1], and the Court having reviewed the Motion and the Court's files herein; and the Court having jurisdiction and authority over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A); and the Court finding that notice of the Motion and the hearing thereon were good and proper under the circumstances; and the Court finding good cause exists to grant the relief requested in the Motion.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Proposed Settlement Agreement (as defined in the Motion), as applicable.

**Page 1 of 3** – ORDER GRANTING STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

NOW, THEREFORE, IT IS HEREBY

ORDERED:

1. The Motion is GRANTED, subject to the right of parties in interest in this case other than the Debtor, the Office of the United States Trustee and the Subchapter V Trustee[2] to object to the Motion by August 3, 2023 (the "Objection Deadline");

2. The Proposed Settlement Agreement attached hereto as <u>Exhibit 1</u> is approved, unless a party entitled to object to the Motion timely files an objection by the Objection Deadline and such objection is sustained by the Court;

3. If an objection to the Motion is filed by the Objection Deadline by a party entitled to file such an objection, then the objection, the Motion and any replies thereto will be heard at the hearing currently scheduled for August 7, 2023 at 1:30 p.m. (PT) (the "Tentative Hearing");

4. If no objection to the Motion is filed by the Objection Deadline by a party entitled to file such an objection, the Debtor shall file a notice with the Court confirming that no objections to the Motion were filed, that the conditional statements regarding the granting of the Motion and approval of the Proposed Settlement Agreement herein are no longer in effect, and that the Tentative Hearing may be cancelled by the Court; and

///
///
///
///
///
///

---

[2] For the avoidance of doubt, the Debtor, the Office of the United States Trustee and the Subchapter V Trustee are not entitled to object to the Motion or the Proposed Settlement Agreement.

**Page 2 of 3** – ORDER GRANTING STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 23-60847-tmr11    Doc 58    Filed 07/20/23

1    5.    The Parties are authorized and directed to enter into the Proposed Settlement Agreement and take all steps necessary and proper to implement and effectuate the Proposed Settlement Agreement.

###

PRESENTED BY:

SUSSMAN SHANK LLP

By  */s/ Garrett S. Eggen*
_____
Thomas W. Stilley, OSB No. 883167
Susan S. Ford, OSB No. 842203
Garrett S. Eggen, OSB No. 222197
Attorneys for the Clausen Family

**Page 3 of 3** – ORDER GRANTING STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR AND CLAUSEN FAMILY

# SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is entered into this day of July __, 2023, by and between debtor Clausen Oysters, LLC (the "Debtor") and Lilli K. Clausen, Steven O. Clausen, David O. Clausen and Kimberly D. Stolz (collectively, the "Clausen Family") and shall be effective as of the date upon which it is fully executed. The Debtor and the Clausen Family are referred to herein collectively as the "Parties" and individually as "Party".

## DEFINITIONS

As used in this Agreement, the following capitalized terms shall have the following meanings:

a. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Oregon.

b. "Bankruptcy Case" shall mean the case captioned *In re Clausen Oysters, LLC*, Case No. 23-60847-tmr11 currently pending before the Bankruptcy Court.

c. "Purchase Agreement" shall mean the Clausen Oysters Purchase Agreement dated as of September 28, 2018 by and between the Clausen Family, Haynes Inlet, LLC, Acacia Pacific Group, LLC, and the Debtor.

d. "Security Agreement" shall mean the Security Agreement made on September 28, 2018, by and between the Debtor and the Clausen Family.

e. "Haynes" shall mean Haynes Inlet, LLC.

f. "Collateral" shall have the meaning ascribed to such term in the Security Agreement, exclusive of the Real Property.

g. "Trust Deed" shall mean the Trust Deed made and executed on September 28, 2018, by the Debtor, the Clausen Family, and Ticor Title Insurance.

h. "Real Property" shall mean that certain real property granted by the Debtor to the Clausen Family pursuant to the Trust Deed.

i. "Prepetition Action" shall mean the lawsuit initiated by the Clausen Family against the Debtor on April 12, 2023 in the Circuit Court for the State of Oregon for the County of Coos captioned Case No. 23CV15094.

j. "Stipulated Motion" shall mean the *Stipulated Motion to Approve Compromise Between Debtor and Clausen Family* [Docket No. 49] filed by the Debtor and the Clausen Family in the Bankruptcy Case.

k. "Proposed Settlement Agreement" shall have the meaning ascribed to such term in the Stipulated Motion.

## RECITALS

WHEREAS, on September 28, 2018, the Debtor, the Clausen Family and certain other parties entered into the Purchase Agreement, the Security Agreement and the Trust Deed.

WHEREAS, pursuant to the Purchase Agreement, the Clausen Family sold its interests in the Debtor's assets to Haynes for the purchase price of $3,350,000 (the "Purchase Price") and agreed to carry the financing on the unpaid purchase price at a six percent interest rate, and Haynes

Exhibit 1
Page 1 of 7

Case 23-60847-tmr11    Doc 58    Filed 07/20/23

agreed to make monthly payments to the Clausen Family for 48 months and to pay the balance of the Purchase Price in full no later than October 31, 2022.

WHEREAS, Haynes' payment and performance under the Purchase Agreement was secured by the Security Agreement and Trust Deed, which granted the Clausen Family security interests in the Collateral and the Real Property and which the Clausen Family perfected by the filing of financing statements.

WHEREAS, pursuant to the foregoing, and with the possible exception of a lien against Clausen Oysters, LLC's live oyster inventory in favor of Ocean Empire Seafood, Inc., and dated November 15, 2017, the Clausen Family is the holder of valid, duly perfected, first-priority liens and security interests in substantially all assets of the Debtor.

WHEREAS, in late 2022, Haynes defaulted on its financial obligations under the Purchase Agreement, which in turn rendered the Debtor in default under the Security Agreement and Trust Deed, including by failing to make the $15,000 minimum monthly payment during September 2022 and the failure to make the required balloon payment in October 2022 of the entire remaining unpaid balance of the principal and interest due under the Purchase Agreement.

WHEREAS, on April 12, 2023, the Clausen Family filed the complaint in the Prepetition Action against the Debtor seeking, among other things, to foreclose on the Trust Deed and Security Agreement and to appoint a receiver to manage, control and protects its collateral.

WHEREAS, on May 18, 2023, the Debtor filed a voluntary petition for bankruptcy relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code, thereby staying the Prepetition Action.

WHEREAS, on May 26, 2023, the Debtor filed the *Debtor's Motion for Interim and Final Orders Authorizing Debtor to Use Cash Collateral and to Grant Adequate Protection* [Docket No. 23] (the "Cash Collateral Motion") seeking, among other things, to use the Clausen Family's cash collateral (the "Cash Collateral") pursuant to the budget attached to thereto.

WHEREAS, on May 30, 2023, the Clausen Family filed an objection to the Cash Collateral Motion [Docket No. 25] (the "Cash Collateral Objection").

WHEREAS, on June 1, 2023, the Bankruptcy Court entered an order approving a revised version of the proposed interim order submitted in support of the Cash Collateral Motion and scheduled a hearing to determine whether to approve the Cash Collateral Motion on a final basis for June 21, 2023.

WHEREAS, on June 12, 2023, the Clausen Family filed the *Motion for Relief from the Automatic Stay* [Docket No. 39] (the "Relief from Stay Motion") seeking, among other things, relief from the automatic stay imposed by Bankruptcy Code Section 362 to continue prosecution of the Prepetition Action.

WHEREAS, on June 16, 2023, the Parties began to engage in discussions to resolve their disputes relating to the Clausen Family's claims against the Debtor.

WHEREAS, on June 20, 2023, the Debtor and the Clausen Family filed the *Stipulated Motion to Postpone Hearings and Extend Debtor's Authority to Use Cash Collateral and Grant Adequate Protection* [Docket No. 40] (the "Motion to Extend") seeking, among other things, to extend the final hearing on the Cash Collateral Motion until July 13, 2023 and to permit the Debtor's

Exhibit 1
Page 2 of 7     Case 23-60847-tmr11    Doc 58    Filed 07/20/23

continued use of Cash Collateral while the Parties continued to engage in settlement discussions concerning the treatment of the Clausen Family's claims against the Debtor.

WHEREAS, on July 6, 2023, the Parties submitted the Stipulated Motion wherein the Parties sought approval of the Proposed Settlement Agreement.

WHEREAS, on July 13, 2023, the Bankruptcy Court held a hearing on, among other things, approval of the Stipulated Motion and Proposed Settlement Agreement.

WHEREAS, at the hearing held on July 13, 2023, the Bankruptcy Court provided the Parties' with additional time to further negotiate certain issues relating to the Debtor's performance under the Proposed Settlement Agreement.

WHEREAS, the Parties have agreed to certain modifications to the Proposed Settlement Agreement as set forth herein.

WHEREAS, the Parties desire to resolve any and all disputes and claims between and among them related to the events, transactions and matters described in the foregoing recitals (collectively, the "Dispute") on the terms and conditions set forth below.

## AGREEMENT

NOW, THEREFORE, in consideration of the promises and the mutual agreements, covenants, and provisions contained in this Agreement, the Parties agree and declare as follows:

2. **Incorporation of Recitals.** The Parties each acknowledge that the above recitals are true and correct and forming an integral part of this Agreement they are incorporated by reference herein.

3. **Settlement Agreement.** The failure of the Bankruptcy Court to approve the material terms of the Agreement shall render the Agreement null and void and the Parties' rights and claims shall revert to their status as if the Agreement had not been executed by either Party.

4. **Payment of the Clausen Family's Claim.** The Clausen family's claim against the Debtor shall be reduced to $2,250,000, which the Debtor shall pay under either "Option A" or "Option B" below:

    a. **Option A**

        i. The Debtor will pay $1,000,000 in cash no later than August 18, 2023 (the "Initial Option A Payment") to (a) the Clausen Family directly if the Agreement has already been approved by the Bankruptcy Court at the time of payment or (b) into an escrow account of the Parties' choosing if the Agreement has not yet been approved by the Bankruptcy Court. The escrow agent holding the Initial Option A Payment will be instructed to disburse the Initial Option A Payment to the Clausen Family upon entry of an order approving the Agreement by the Bankruptcy Court.

        ii. The balance of the Clausen Family's claim will be paid pursuant to a promissory note (the "Promissory Note") in the total amount of $1,250,000 made by the Debtor containing the following terms:

            1. The Promissory Note shall be secured by the Trust Deed which shall be modified to the reduced claim amount of $1,250,000 upon

Exhibit 1
Page 3 of 7          Case 23-60847-tmr11    Doc 58    Filed 07/20/23

payment of the Initial Option A Payment (the "Settlement Trust Deed").

2. Interest on the principal balance of the Promissory Note shall accrue at 6% per annum.

3. Payments of principal and interest under the Promissory Note shall be amortized on a ten-year schedule.

4. Monthly principal and interest payments on the Promissory Note will start on September 1, 2023 and will be due on the first calendar day of each month thereafter.

5. On September 1, 2025, the entire remaining unpaid balance of principal and interest under the Promissory Note shall be due and payable in full.

   b. **Option B**

      i. If the Debtor does not timely pay the Initial Option A Payment by August 18, 2023 to either the Clausen Family directly or the escrow agent chosen by the Parties, as applicable under Paragraph 4(a)(i), then the Debtor will pay $2,250,000 to the Clausen Family no later than September 19, 2023 (the "Option B Payment") in full and final satisfaction of the Clausen Family's claim against the Debtor.

   c. For the avoidance of doubt, the Clausen Family's claim shall be reduced to $2,250,000 only upon entry of an order approving the Agreement by the Bankruptcy Court and the Debtor's timely payment of the Initial Option A Payment by August 18, 2023 to the Clausen Family or the Debtor's timely payment of the Option B Payment by September 19, 2023 to the Clausen Family.

5. **Execution of Promissory Note, Settlement Trust Deed and Deed in Lieu of Foreclosure.** No later than one week after execution of this Agreement, the Parties shall draft and execute the Promissory Note and Settlement Trust Deed contemplated in Paragraph 4 herein and the Deed in Lieu of Foreclosure contemplated in Paragraph 6 herein.

6. **Failure to Pay the Initial A Payment and the Option B Payment.** If the Debtor does not timely pay the Initial Option A Payment by August 18, 2023 to either the Clausen Family directly or the escrow agent chosen by the Parties, as applicable under Paragraph 4(a)(i), then the Debtor will have until September 19, 2023 to pay the Option B Payment. If the Debtor then fails to pay the Option B Payment, the Debtor hereby agrees that the Clausen Family will be entitled to immediate relief from the automatic stay to prosecute its Prepetition Action. At the Clausen Family's option, the Debtor also agrees to transfer a deed to the Real Property in lieu of foreclosure (the "Deed in Lieu of Foreclosure") to the Clausen Family. If the Clausen Family elects to exercise the option of having the Debtor transfer the Deed in Lieu of Foreclosure to the Clausen Family, the Debtor and Haynes will receive a credit for the fair market value of the Real Property at the time of the transfer against the Clausen Family's claim against the Debtor and Haynes. The fair market value of the Real Property will be determined by an independent appraiser selected by the Parties. The Debtor further stipulates that the Clausen Family's claim will not be reduced as set forth in Paragraph 4(c) and that the Clausen Family shall retain all rights and claims as existed prior to the execution

Exhibit 1
Page 4 of 7     Case 23-60847-tmr11    Doc 58    Filed 07/20/23

of Agreement. The Debtor further stipulates that the Debtor shall submit a stipulated order with the Clausen Family to the Bankruptcy Court providing the Clausen Family with such relief from the automatic stay no later than September 20, 2023 and such order shall be effective and enforceable immediately upon entry notwithstanding the fourteen day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. No later than July 24, 2023, the Debtor will contact the Bankruptcy Court to schedule a tentative hearing at the Bankruptcy Court's earliest convenience on or after September 20, 2023 to present the stipulated order granting the Clausen Family relief from the automatic stay. The Debtor may cancel this tentative hearing upon providing proof to the Clausen Family that the Initial Option A Payment or the Option B Payment contemplated in Paragraph 4 has been timely made. The Debtor further agrees to stipulate to the immediate appointment of a receiver over the Debtor and all of its assets in the Prepetition Action immediately upon recommencement of the Prepetition Action after relief from the automatic stay is granted.

7. **Failure to Make Subsequent Payments under Option A.** If the Debtor timely pays the Initial Option A Payment by August 18, 2023 to either the Clausen Family directly or the escrow agent chosen by the Parties, as applicable under Paragraph 4(a)(i), then the Debtor will be bound by the payment obligations under Paragraph 4(a)(ii). The Debtor's failure to make any of the payments described in Paragraph 4(a)(ii) of this Agreement, including the monthly payments in Paragraph 4(a)(ii)(4) or the balloon payment in Paragraph 4(a)(ii)(5), shall constitute a default under this Agreement and the Promissory Note. The Debtor shall have three business days to cure any such default. If the Debtor fails to cure such default within the time provided by this paragraph, the Debtor shall, at the Clausen Family's option, transfer the Deed in Lieu of Foreclosure to the Clausen Family no later than five business days after the failure to timely cure. If requested, the Debtor will agree to submit a stipulated order together with the Clausen Family to the Bankruptcy Court providing for relief from the automatic stay to effect the terms of this paragraph and such order shall be effective and enforceable immediately upon entry notwithstanding the fourteen day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

8. **Non-Monetary Defaults Under the Agreement or Agreements Executed in Support Thereof.** The Debtor shall have seven business days to cure any non-monetary default by the Debtor under the Agreement and any of the agreements executed in support thereof, including, but not limited to, the Promissory Note and the Settlement Trust Deed. If the Debtor fails to cure such default within the time provided by this paragraph, the Debtor will transfer the deed of the Real Property in lieu of foreclosure to the Clausen Family no later than five business days after expiration of the cure period. If necessary, the Debtor shall submit a stipulated order together with the Clausen Family to the Bankruptcy Court providing for relief from the automatic stay to effect the terms of this paragraph and such order shall be effective and enforceable immediately upon entry notwithstanding the fourteen day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. The Debtor further agrees to stipulate to the immediate appointment of a receiver over the Debtor and all of its assets in the Prepetition Action immediately upon recommencement of the Prepetition Action after relief from the automatic stay is granted.

9. **The Debtor's Use of Tax Credits.** The Debtor shall report to the Clausen Family no later than three business days after receipt of any tax refunds or Employment Retention Credits from the Internal Revenue Service. The Debtor shall not be permitted to use any such funds

Exhibit 1
Page 5 of 7    Case 23-60847-tmr11    Doc 58    Filed 07/20/23

until it has provided the Clausen Family a budget setting forth the expenses for which the Debtor will use such funds and the Debtor has consented to the use of such funds as set forth in the budget. The Debtor also shall not be permitted to use any such funds until it pays either the Initial Option A Payment or the Option B Payment Payment as contemplated by Paragraph 4. The Clausen Family agrees to not unreasonably restrict the Debtor's use of such funds.

10. **Representation of Comprehension of Document**. By entering into this Agreement, each Party represents that he or she has completely read its terms and conditions, and/or that the terms and conditions have been completely read and explained to each Party by such Party's attorney, and each Party fully understands this Agreement and voluntarily accepts and enters into it.

11. **Authority.** Each of the Parties to this Agreement and/or their respective designated signatory represents and warrants that they have the requisite authority to execute this Agreement on behalf of such Party.

12. **Entire Agreement and Successors in Interest.** This Agreement constitutes a single, integrated written contract and expresses the entire agreement of the Parties with respect to the subject matter of this Agreement. No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing by the authorized representative of each Party. This Agreement supersedes and cancels all prior negotiations and understandings of any kind with respect to the subject matter hereof and cancels all of the terms and provisions of any prior agreement between the Parties with respect to the subject matter hereof. This Agreement shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each Party.

13. **Counterparts and Signatures.** This Agreement may be executed in one or more counterparts, each of which may be deemed an original, but all of which shall together constitute one in the same instrument, binding on the Parties. Signatures received by facsimile or email transmission shall be considered an original signature.

**[Remainder of Page Intentionally Left Blank]**

Exhibit 1
Page 6 of 7    Case 23-60847-tmr11    Doc 58    Filed 07/20/23

| CLAUSEN OYSTERS, LLC | CLAUSEN FAMILY |
|---|---|
| _____ <br> Haynes Inlet, LLC, manager of Clausen Oysters, LLC <br> By: Seth Silverman, manager of Haynes Inlet, LLC | _____ <br> Kim Stolz |
| | _____ <br> Lilli K. Clausen |
| _____ <br> Haynes Inlet, LLC, manager of Clausen Oysters, LLC <br> By: Patrick Glennon, manager of Haynes Inlet, LLC | _____ <br> Steven O. Clausen |
| | _____ <br> David O. Clausen |

Exhibit 1
Page 7 of 7                Case 23-60847-tmr11    Doc 58    Filed 07/20/23