**Nicholas J. Henderson, OSB No. 074027**
Elevate Law Group
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
(503) 417-0508 Direct
Email: nick@elevatelawpdx.com

*Attorneys for Debtor Clausen Oysters LLC*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>CLAUSEN OYSTERS LLC,<br><br>                Debtor-in-Possession. | Bankruptcy Case No. 23-60847-tmr11<br><br>DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION |

## I. INTRODUCTION

Debtor-in-Possession Clausen Oysters LLC (the "***Debtor***"), submits this Memorandum in Support of Confirmation of Debtor's Second Amended Plan of Reorganization dated December 8, 2023 [ECF No. 110] (the "***Plan***" or "***Second Amended Plan***") in advance of the confirmation hearing scheduled for December 14, 2023. Debtor requests entry of an Order Confirming Plan in substantially the form attached hereto as Exhibit 1. In support of confirmation, Debtor relies on the points and authorities set forth below, and the Declaration of Seth Silverman (the "***Silverman Decl.***") filed herewith. Debtor may also rely on additional testimony at the confirmation hearing.

The Plan contains two classes of claims, and one class of interests in property of the estate. Class 1 consists of one creditor, which is unimpaired. Debtor received seven ballots from

Page 1 of 10
{00638418:2}

DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

Class 2 creditors, all of whom voted to accept the Plan. The Plan should be confirmed because it satisfies each of the requirements for confirmation under 11 U.S.C. §§ 1129 and 1191.

## II. RELEVANT FACTS

### A. Debtors' Chapter 11 Filing.

On May 18, 2023 (the "**Petition Date**"), Debtor filed a voluntary petition under Chapter 11, Subchapter V, of Title 11 of the United States Code (the "**Bankruptcy Code**"). Debtor has continued in possession of its property and management of its business affairs as debtor-in-possession pursuant to §§ 1107, 1108, and 1184 of the Bankruptcy Code.

### B. Summary of the Plan.

The Plan provides that Debtor will continue to own and operate its oyster farming business and will fund plan payments from profits generated from the operation of the business. Debtor's income is projected to be more than sufficient to pay Debtor's operational expenses, mortgage payments, administrative expenses, and payments to the Class 2 creditors. Additionally, the Plan provides that the Debtor will obtain a new loan to refinance and pay off the Class 1 claim. Debtor has received pre-approval for such a loan and expects to finish the loan underwriting process after the Plan is confirmed and the case is closed.

### C. Plan Solicitation and Voting Results.

On October 20, 2023, Debtor filed its Chapter 11 Plan of Reorganization dated October 20, 2023 [ECF No. 96] (the "**Original Plan**"). On October 25, 2023, the Court entered an Order Fixing Time for Filing Acceptances or Rejections of Plan; and Notice of Confirmation Hearing [ECF No. 98] (the "**Order Fixing Time**"). The Order Fixing Time scheduled the confirmation hearing for December 14, 2023. The Order Fixing Time set December 7, 2023, as the deadline

Page 2 of 10
{00638418:2}

DEBTOR'S MEMORANDUM IN SUPPORT OF
CONFIRMATION OF DEBTOR'S SECOND AMENDED
PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

for filing written ballots accepting or rejecting the Plan and filing of objections to confirmation of the Plan.

After entry of the Order Fixing Time, Debtor filed the First Amended Plan dated November 1, 2023 [ECF No. 104] (the "***First Amended Plan***").  The First Amended Plan added clarifications to the section entitled "Background for Cases Filed Under Subchapter V - Description and History of Debtor's Business."  The First Amended Plan also provided that Class 2 creditors would be paid in full within 210 days after the Effective Date, instead of within 180 days after the Effective Date.  Debtor then served the Order Fixing Time and the First Amended Plan on all creditors and parties in interest on November 2, 2023.  ECF No. 106.

Debtor filed the Second Amended Plan on December 8, 2023.  The Second Amended Plan changed the treatment of Class 2 claims by providing that Class 2 claims shall be paid in full plus interest at the federal judgment rate, with such interest accruing from the Petition Date until paid in full.  The previously filed plans did not provide for interest to Class 2 Claims.

On December 20, 2023, Debtor filed a Supplement to Second Amended Plan Dated December 8, 2023 [ECF No. 119] (the "***Plan Supplement***").  This supplement provided missing information about the Debtor's post-confirmation management and compensation.  The supplement was served on all creditors and parties in interest on December 20, 2023.

Ballots were timely received from creditors in Class 2.  As a result, Debtor can satisfy the confirmation requirements of 11 U.S.C. § 1129, without the cram down provisions of § 1191(b).

**D.     Objections to Confirmation.**

No objections have been received from any creditor or party in interest.

/ / / / /

/ / / / /

Page 3 of 10
{00638418:2}

DEBTOR'S MEMORANDUM IN SUPPORT OF
CONFIRMATION OF DEBTOR'S SECOND AMENDED
PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

# III. ARGUMENT

## A. The Plan Satisfies the Requirements of Section 1129 for Confirmation.

Section 1129 sets forth the requirements for confirmation of a chapter 11 plan. Pursuant to § 1129(a), the Court shall confirm a chapter 11 plan only if all of its requirements are met. 11 U.S.C. § 1129(a). Each subsection of 1129(a) is discussed below.

### 1. The Plan Complies with the Applicable Provisions of § 1129(a)(1).

Section 1129(a)(1) provides that a court may confirm a chapter 11 plan only if "[t]he plan complies with the applicable provisions of [title 11]." 11 U.S.C. § 1129(a)(1). The phrase "applicable provisions" has been interpreted to include §§ 1122 and 1123, which govern the classification of claims and interests and the contents of a chapter 11 plan. *See Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636, 648-49 (2d Cir. 1988); *In re Century Glove, Inc.*, No. 90-400-SLR, 1993 WL 239489, at *6 (D. Del. Feb. 10, 1993); H.R. Rep. No. 95-595, at 412 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6368; S. Rep. No. 95-989, at 126 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5912. There is no dispute that the Plan complies with Section 1129(a)(1) and is consistent with 11 U.S.C. §§ 1122 and 1123.

### 2. The Plan Complies with the Applicable Provisions of Section 1129(a)(2).

Section 1129(a)(2) requires that the plan proponent comply with the applicable provisions of title 11. A principal purpose of § 1129(a)(2) is to ensure plan proponents have complied with the requirements of the Bankruptcy Code and Bankruptcy Rules regarding disclosure and the solicitation of acceptances of a plan of reorganization. See H.R. Rep. No. 95-595 at 412. This case is a Subchapter V case, and therefore a disclosure statement was not required. 11 U.S.C. § 1181(b). Nevertheless, as discussed in the Facts section above, in accordance with the Order Fixing Time: (a) all creditors and parties in interest received proper,

Page 4 of 10
{00638418:2}

DEBTOR'S MEMORANDUM IN SUPPORT OF
CONFIRMATION OF DEBTOR'S SECOND AMENDED
PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

timely, and adequate notice of the Original Plan, the First Amended Plan, the Second Amended Plan; (b) all creditors and parties interest received proper, timely, and adequate notice of the scheduled confirmation hearing and relevant deadlines for submissions of ballots and objections to confirmation; and (c) the Debtor only solicited votes following entry of the Order Fixing Time. As votes on the Plan were solicited following entry of the Order Fixing Time, and notice was provided in accordance with that same order, the requirements of section 1129(a)(2) have been satisfied. *See In re Drexel Burnham Lambert*, 138 B.R. 723, 769 (Bankr. S.D.N.Y. 1992) ("*Drexel II*") (§ 1129(a)(2) satisfied where debtors complied with all provisions of Bankruptcy Code and Bankruptcy Rules governing notice, disclosure, and solicitation relating to plan).

3. **The Plan Complies with the Applicable Provisions of Section 1129(a)(3).**

Section 1129(a)(3) requires that a Plan be "proposed in good faith and not by any means forbidden by law." A Chapter 11 plan is proposed in good faith where it achieves a result consistent with the objectives and purposes of the Bankruptcy Code. *Platinum Capital, Inc. v. Sylmar Plaza, LP (In re Sylmar Plaza, LP)*, 314 F.3d 1070, 1074 (9th Cir. 2002). In determining whether the Debtors have acted in good faith in proposing a reorganization plan, the Court must take into account the totality of the circumstances, including whether the plan deals with the creditors in a fundamentally fair manner. *Jorgensen v. Federal Land Bank (In re Jorgensen)*, 66 B.R. 104, 108-109 (9th Cir BAP 1986).

The Plan proposes to pay creditors in full, plus interest, with funds generated from Debtor's continued ownership and operation of its oyster farming business. The Second Amended Plan is a good faith effort by Debtor to maximize the recovery to parties in interest, and deals with creditors in a fundamentally fair manner and preserves all rights of creditors and

Page 5 of 10
{00638418:2}

DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

interested parties. No objection has been made regarding whether the Plan satisfies Section 1129(a)(3).

**4. The Plan Complies with the Applicable Provisions of Section 1129(a)(4).**

Section 1129(a)(4) requires that the Plan provide for appropriate court supervision over professional fees and expenses incurred in connection with the case, or in connection with the plan and incident to the case. All such fees and expenses will be submitted to the Court for approval in applications to compensate professionals and, therefore, this requirement is satisfied.

**5. The Plan Complies with the Applicable Provisions of Section 1129(a)(5).**

Section 1129(a)(5) requires: (1) the disclosure of the identity and affiliations of any individual proposed to serve post-confirmation as a successor to the debtors under the plan; (2) that such appointment be consistent with the interests of creditors, equity security holders, and with public policy; and (3) disclosure of the nature of the compensation to be provided to any insiders to be employed or retained post-confirmation.

The Plan Supplement disclosed the identity and affiliations of the individuals who will be managing the Debtor following confirmation. Prior to the filing of this case, and throughout these proceedings, Debtor's manager has been Seth Silverman. In addition to being Debtor's manager, Mr. Silverman also holds a membership interest in Haynes Inlet, LLC—Debtor's sole member. Mr. Silverman is also the manager of Haynes Inlet, LLC. Debtor does not intend to make a change to its management structure after confirmation, therefore Mr. Silverman will continue in the role of Debtor's manager. Mr. Silverman intends to serve as Debtor's manager without compensation until the Plan has been fully performed and all claims paid as indicated in the Plan.

Page 6 of 10
{00638418:2}

DEBTOR'S MEMORANDUM IN SUPPORT OF
CONFIRMATION OF DEBTOR'S SECOND AMENDED
PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

**6. The Plan Complies with the Applicable Provisions of Section 1129(a)(6).**

Debtor is not subject to any governmental regulation regarding rate changes, therefore Section 1129(a)(6) is inapplicable.

**7. The Plan Complies with the Applicable Provisions of Section 1129(a)(7).**

Section 1129(a)(7) requires that holders of claims or interests of each impaired class either accept the Plan or "receive or retain under the Plan * * * property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtors were liquidated under Chapter 7…."

As shown in the liquidation analysis attached to the Debtor's Plan, creditors would be paid in full in a Chapter 7 case. Additionally, in a Chapter 7 case, creditors would receive interest "at the legal rate from the filing of the petition." 11 U.S.C. § 726(a)(5). The legal rate under § 726(a)(5) is measured by the federal judgment rate. *In re Cardelucci*, 285 F.3d 1231, 1234 (9th Cir. 2002).

The Second Amended Plan proposes to pay Class 2 creditors in full with interest at the federal judgment rate, which is the same treatment Class 2 creditors would receive if Debtor's estate was liquidated under Chapter 7. Accordingly, the requirements of Section 1129(A)(7) have been satisfied.

**8. The Plan Complies with the Applicable Provisions of Section 1129(a)(8).**

Section 1129(a)(8) requires that each class of claims has either accepted the Plan or such class is not impaired under the Plan. Class 1 is not impaired, and Class 2 has accepted the Plan. As a result, Section 1129(a)(8) is satisfied.

Page 7 of 10
{00638418:2}

DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

**9. The Plan Complies with the Applicable Provisions of Section 1129(a)(9).**

Section 1129(a)(9) requires particular treatment with respect to certain priority claims except to the extent that the claimant has agreed to a different treatment.

Section 1129(a)(9)(A) is satisfied because Article 3 of the Plan provides that administrative expenses will be paid in full in cash on the later of the Effective Date or the date on which such claims are approved by the court, unless different treatment is agreed to.

Section 1129(a)(9)(B) does not apply, because no creditor has asserted a claim of a kind specified in 11 U.S.C. §§ 507(a)(1), (4), (5), (6) or (7).

Sections 1129(a)(9)(C) and (D) are satisfied because Sections 3.3 of the Plan provides that any priority tax claims will be paid in full within 210 days of the Effective Date, which is a manner that is not less favorable than the most favored nonpriority unsecured claim provided for by the plan. In fact, the treatment for priority tax claims is identical to the treatment for unsecured creditors.

**10. The Plan Complies with the Applicable Provisions of Section 1129(a)(10).**

Section 1129(a)(10) requires that if a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider. Class 2 is impaired and voted to accept the Plan; therefore, Section 1129(a)(10) is satisfied.

**11. The Plan Complies with the Applicable Provisions of Section 1129(a)(11).**

Debtors' Plan is feasible and satisfies the requirements of Section 1129(a)(11). The "feasibility" requirement of Section 1129(a)(11) requires that in order to confirm a plan, a court must be satisfied that confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtors or any successor to the debtors under the plan,

Page 8 of 10
{00638418:2}

DEBTOR'S MEMORANDUM IN SUPPORT OF
CONFIRMATION OF DEBTOR'S SECOND AMENDED
PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

unless such liquidation or reorganization is proposed in the plan." To demonstrate that a plan is feasible, a debtor is required to show a "reasonable probability of success"; a debtor does not have to prove that success is inevitable. *In re Brotby*, 303 B.R. 177, 191 (9th Cir. BAP 2003) (*citing In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986)); *In re WCI Cable, Inc.*, 282 B.R. 457, 486 (Bankr. D. Or. 2002). "The mere potential for failure of the plan or the prospect of financial uncertainty is insufficient to disprove feasibility." *In re Sagewood Manor Associates Limited Partnership*, 223 B.R. 756, 762 (Bankr. D. Nev. 1998). The threshold of evidence necessary to establish feasibility is relatively low; a debtor need only establish that there is a reasonable probability that the provisions of the plan of reorganization can be performed. *Brotby*, 303 B.R. at 192; *Sagewood*, 223 B.R. at 762.

As is set forth in the Silverman Declaration, Debtor's projected income and expenses, attached as <u>Exhibit 2</u> to the Plan, show that the Debtor will be able to meet all operating expenses and still generate sufficient profits to pay mortgage payments and other payments required by the Plan. The Silverman Declaration also provides that Debtor has received pre-approval for a long-term loan that will be used to refinance and pay off the Class 1 Claim. The projections are based on (1) historical performance of the Debtor's business, and (2) current orders being placed by wholesale and retail customers of Debtor's products. Because Mr. Silverman's testimony demonstrates that there is a reasonable possibility for Debtor's performance of the Plan, Section 1129(a)(11) is satisfied.

**12. The Plan Complies with the Applicable Provisions of Section 1129(a)(12).**

Section 1129(a)(12) requires that certain fees listed in 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or that the Plan provides

Page 9 of 10
{00638418:2}

DEBTOR'S MEMORANDUM IN SUPPORT OF
CONFIRMATION OF DEBTOR'S SECOND AMENDED
PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

for the payment of all such fees on the Effective Date of the Plan. Section 3.4 of the Plan provides for the payment of all such fees so this requirement is satisfied.

### 13. The Plan Complies with the Applicable Provisions of Section 1129(a)(13).

Because Debtor offers no retiree benefits as that term is defined in § 1114, Section 1129(a)(13) is not applicable to confirmation of the Plan.

### 14. The Plan Complies with the Applicable Provisions of Section 1129(a)(14).

Debtors are not required to pay domestic support obligations, and thus Section 1129(a)(14) is inapplicable.

### 15. The Plan Complies with the Applicable Provisions of Section 1129(a)(15).

Section 1129(a)(15) does not apply because Debtor is not an individual, and because Section 1129(a)(15) does not apply to a case under Subchapter V. 11 U.S.C. § 1181(a).

### 16. The Plan Complies with the Applicable Provisions of Section 1129(a)(16).

Section 1129(a)(16) requires that all transfers of property under a plan be made in accordance with any applicable non-bankruptcy law governing the transfers of property by nonprofit corporations. This Section is inapplicable.

## CONCLUSION

As demonstrated herein, the Plan complies with the requirements for confirmation, and the Plan should be confirmed.

Dated: January 22, 2024.                               ELEVATE LAW GROUP

                                                      */s/ Nicholas J. Henderson*
                                                      Nicholas J. Henderson, OSB No. 074027
                                                      nick@elevatelawpdx.com
                                                      6000 SW Meadows Road, Suite 450
                                                      Lake Oswego, OR 97035
                                                      Phone: 503-417-0508
                                                          *Counsel for Debtor Clausen Oysters LLC*

Page 10 of 10
{00638418:2}
DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

**EXHIBIT 1
PROPOSED ORDER CONFIRMING PLAN**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re: | Case No.: 23-60847-tmr11 |
|---|---|
| CLAUSEN OYSTERS, LLC.<br><br>Debtors. | **ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION** |

This matter came before the Court on December 14, 2023, for confirmation of the Debtor's Second Amended Plan of Reorganization dated December 8, 2023 [ECF No. 110], as supplemented by the Supplement to Debtor's Second Amended Plan of Reorganization dated December 8, 2023 [ECF No. 119] (together, the "*Plan*"). Based upon the evidence, including declarations in the record and evidence considered based on requests for judicial notice, the Court finds all requirements for confirmation contained in 11 U.S.C. §§ 1129 and 1191 are met.

/ / / / /

/ / / / /

/ / / / /

Page 1 of 2
{00638418:2}

ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

**ELEVATE LAW GROUP**
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

THE COURT HEREBY FINDS as follows:

A.  This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The Court further finds that the Plan was properly transmitted to creditors and parties in interest and that all objections to the Plan, if any, have been resolved.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.  The Plan is confirmed as a consensual plan pursuant to 11 U.S.C. §§ 1129 and 1191(a) of the Bankruptcy Code.

2.  This Order is a Final Order. There shall be no stay of this Order under Bankruptcy Rule 3020(e) and the period in which an appeal must be filed shall commence immediately upon the entry hereof in accordance with Bankruptcy Rule 3020(e).

# # #

**Presented by:**

ELEVATE LAW GROUP

EXHIBIT
Nicholas J. Henderson, OSB No. 074027
Email: nick@elevatelawpdx.com
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
(503) 417-0508 Direct
    Counsel for Debtor Clausen Oysters LLC

Page 2 of 2
{00638418:2}

ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

**ELEVATE LAW GROUP**
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION was provided to the following parties through the Court's Case Management/Electronic Case File system:

- GARRETT EGGEN    geggen@sussmanshank.com, ecf.garrett.eggen@sussmanshank.com
- SUSAN S FORD    sford@sussmanshank.com, jhume@sussmanshank.com, ecf.susan.ford@sussmanshank.com; susan-ford-1058@ecf.pacerpro.com
- Geoff Groshong    trustee@groshonglaw.com, kalen@groshonglaw.com
- NICHOLAS J HENDERSON    nhenderson@portlaw.com, pzimmerman@portlaw.com; tsexton@portlaw.com; courtnotices@portlaw.com; hendersonnr86571@notify.bestcase.com
- TROY SEXTON    tsexton@portlaw.com, nhenderson@portlaw.com, troy-sexton-4772@ecf.pacerpro.com, skuger@portlaw.com, courtnotices@portlaw.com
- THOMAS W STILLEY    tstilley@sussmanshank.com, jhume@sussmanshank.com, ecf.thomas.stilley@sussmanshank.com; thomas-stilley-7866@ecf.pacerpro.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

I further certify that on the date set forth below, a true and correct copy of the above-described document was sent to the following parties via first class mail, postage prepaid:

NONE

DATED: January 22, 2024.

ELEVATE LAW GROUP

/s/Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorneys for Debtor Clausen Oysters LLC

Page 1 of 1    CERTIFICATE OF SERVICE
{00638418:2}

ELEVATE LAW GROUP
6000 SW Meadows Road, Suite 450
Lake Oswego, OR 97035
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 23-60847-tmr11    Doc 124    Filed 01/22/24