

600 Stewart Street, Suite 1300
Seattle, Washington  98101
206.508.0585

November 14, 2024

Geoffrey Groshong
E-mail: geoff@groshonglaw.com
Direct: 206.538.2261

**BY ECF ONLY**

The Honorable Thomas M. Renn
United States Bankruptcy Court
405 East Eighth Avenue, Suite 2600
Eugene, Oregon  97401

Subject:     Clausen Oysters, LLC, Debtor
              Case No. 23-60847-tmr11
              **REQUEST FOR STATUS CONFERENCE RE DEBTOR'S FAILURE
              TO COMPLY WITH CONFIRMED PLAN**

Dear Judge Renn:

  I am the former Subchapter V trustee for Clausen Oysters, LLC, debtor and debtor-in-possession in the above-captioned case.  I was discharged from my duties on August 7, 2024.

  On February 8, 2024, this Court entered its Order Confirming Debtor's Second Amended Plan of Reorganization Dated December 8, 2023, Pursuant to 11 U.S.C. § 1191(a) [Dkt. # 136], confirming the Debtor's second amended plan [Dkt. # 110] (the "Plan") as a consensual plan.

  The Plan provided for full payment of allowed administrative expense claims on the Effective Date of the Plan, in cash, unless otherwise agreed between the Debtor and the holder of the allowed administrative expense claim.  Plan, at 3.2.  I did not agree to other payment terms, and the Debtor's projections, attached to the Plan as Exhibit 2, do not propose to make payments on allowed administrative expense claims.

  The Plan defined the Effective Date as the "first business day following the date that is 14 days after the entry of the confirmation order."  The Effective Date was February 23, 2024.

The Honorable Thomas M. Renn
November 14, 2024
Page 2

   In May 2024, before my final fee application was approved, I received two separate checks from the Debtor, each in the amount of $500.  Because my fee application had not been approved, I did not deposit or otherwise negotiate those checks.  On July 15, 2024, this Court entered its Order Awarding Final Compensation and Reimbursement to Professionals [Dkt. # 148] (the "Fee Order"), awarding fees and costs to me in my capacity as the Subchapter V trustee in the total amount of $8,482.50 and to Elevate Law Group as counsel for the Debtor in the total amount of $98,339.05.  On or about July 22, 2024, my office returned both checks to Mr. Henderson and requested that full payment of my allowed administrative claim be sent to my office pursuant to section 3.2 of the Plan.  I returned the checks so there would be no basis for the Debtor to claim I agreed to monthly payments.

   On August 2, 2024, Mr. Henderson filed the Debtor's Final Account and Application for Final Decree and Closing Order [Dkt. # 151], and on August 5, 2024, this Court entered a Final Decree [Dkt. # 152] closing this case.

   Since the Fee Order was entered, I have not received any payment from the Debtor.  I have had several e-mail exchanges with Mr. Henderson regarding the delinquent payment, and while he has said that he also has not been paid and he would check with his client and get back to me with a status update, he has not done so.

   Debtor has failed to comply with the terms of the confirmed Plan.  I therefore request the Court set a status conference regarding the Debtor's failure.

     Best regards,

     Geoffrey Groshong

cc: Office of the U.S. Trustee (via ECF)
   N. Henderson, Esq. (via ECF)